IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-115 |
| | ) | (VARLAN/SHIRLEY) |
| DANIELLE RENAE BEMIS, and | ) | |
| KEVIN LYNN CATT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Bemis's Motion to Continue [Doc. 26] her November 29, 2010 trial date in this case. See 28 U.S.C. § 636(b). In her motion, Defendant Bemis states that she is scheduled to enter a guilty plea before the District Judge on December 8, 2010, at 2:00 p.m., and she asks that her trial be continued to a date thereafter. She states that the Government requested that she file the motion because her speedy trial time is about to elapse.

Based upon Defendant Bemis's clear inability to proceed to trial on November 29, 2010, the Court finds that a short continuance of the trial is necessary and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that to require Defendant Bemis to proceed to trial nine days before she is scheduled to enter a guilty plea would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Moreover, the Court observes that a Superseding Indictment [Doc. 17] was filed in this case on November 16, 2010. This indictment added a new codefendant, Kevin Lynn Catt, who is set for trial on January 25, 2011. If Defendant Bemis does not proceed with

1

her guilty plea on December 8, her counsel will need a reasonable amount of time to prepare for a trial that includes this new codefendant. The Court finds that this necessary trial preparation could not take place before the November 29, 2010 trial date. Thus, the Court finds that the failure to grant a continuance would deprive Defendant Bemis's attorney of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to a codefendant, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

despite the loss of speed that would result from a severance. See id.

In the present case, Defendants Bemis and Catt are jointly indicted and no motion for severance has been filed. Defendant Catt entered the case on November 23, 2010, one week before Defendant Bemis's trial date. The Court finds that the eight-week delay caused by Defendant Catt's need to review discovery, prepare and litigate any pretrial motions, and to prepare for trial to be reasonable. Accordingly, this delay is also attributable to Defendant Bemis. 18 U.S.C. § 3161(h)(6).

Thus, Defendant Bemis's Motion to Continue [**Doc. 26**] is **GRANTED**, and her trial is reset so that she may be tried jointly with Defendant Catt on **January 25, 2011**. The Court also finds that all the time between the filing of Defendant Bemis's motion on November 29, 2010, and the new trial date of January 25, 2011, to be fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(6), & -(7)(A)-(B). With regard to further scheduling, the parties (including Defendant Bemis, if she does not enter a guilty plea prior to this date) are to appear before the undersigned for a pretrial conference on **January 11, 2011, at 1:30 p.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **January 10, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **January 14, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Bemis's Motion to Continue [**Doc. 26**] the November 29, 2010 trial is **GRANTED**;

(2) The trial of Defendant Bemis is reset to coinside with the trial of Defendant Catt on **January 25, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **November 29, 2010**, and the new trial date of **Janaury 25, 2011**, is fully excludable time

3

under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned for a pretrial conference on **January 11, 2011, at 1:30 p.m.**;

(5) Motions *in limine* must be filed no later than **January 10, 2011**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 14, 2011**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge